## BROWN v. SELLERS, Juvenile Court Judge.

(Court of Appeals of District of Columbia. Submitted March 5, 1923. Decided April 3, 1923. Rehearing Denied April 21, 1923.)

### No. 3890.

Error to the Juvenile Court of the District of Columbia.

Willis Brown was adjudged guilty of contempt of court, and he brings error, adversely to Kathryn Sellers, Judge of the Juvenile Court, District of Columbia. Reversed and remanded, with directions to dismiss the complaint.

Walter W. Burns, of Washington, D. C., for plaintiff in error.

F. H. Stephens and L. B. Perkins, both of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

(Court of Appeals of District of Columbia. Submitted March 5, 1923. Decided April 3, 1923. Rehearing Denied April 21, 1923.)

### No. 3891.

Infants ⬦16—Jurisdiction of juvenile court in cases of habitual truancy limited to persons between 14 and 17.

Act March 19, 1906, giving the juvenile court jurisdiction of persons less than 17 years of age, charged with habitual truancy, is limited by Act June 8, 1906, providing for compulsory education of children between the ages of 8 and 14, and penalizing the parent in case of a violation; hence jurisdiction of the juvenile court in such cases is limited to persons between the ages of 14 and 17 years.

Error to the Juvenile Court of the District of Columbia.

Willis Brown was convicted of contempt of court, and he brings error, adversely to Kathryn Sellers, Judge of the Juvenile Court, District of Columbia. Reversed and remanded, with directions to dismiss the complaint.

Certiorari denied 44 Sup. Ct. 7, 68 L. Ed. ——.

Walter W. Burns, of Washington, D. C., for plaintiff in error.

F. H. Stephens and L. B. Perkins, both of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

VAN ORSDEL, Associate Justice. This case (companion to Brown v. Sellers [No. 3890] —— App. D. C. ——, 292 Fed. 655), is here on writ of error to the juvenile court of the District of Columbia.

As in the former case, plaintiff in error was adjudged guilty of contempt of court for writing and causing to be published an article relative to a case pending in said court, charging one Loraine King, a minor of the age of 12 years, of the crime of habitual truancy. It is unnecessary to consider whether the article published is or is not contemptuous, since at the threshold we are confronted with a question of jurisdiction. Under the original Juvenile Court Act of March 19, 1906 (34 Stat. 73), the court was given jurisdiction to—

"hear, try and determine all cases of persons less than seventeen years of age charged with habitual truancy from school, and in its discretion to commit them to the board of children's guardians, who are hereby given the care and supervision thereof when so committed."

This act, however, was followed by the Act of Congress of June 8, 1906 (34 Stat. 219), providing for compulsory education in the District of Columbia. This act, among other things, provides that:

"Every parent, guardian, or other person residing in the District of Columbia having charge and control of a child between the ages of eight and fourteen years shall cause such child to be regularly instructed in the elementary branches of knowledge." and "to attend some public, private, or parochial school during the period of each year the public schools in the District are in session, on the customary days and during the customary hours of the school term."

The act further provides that:

"If such child is not excused as provided for in section one, and is not in school within three days, prosecution shall be begun in the police court by an officer empowered under this act against the parent or other person in control of the child, and upon conviction the parent or other person in control of the child shall be punished for each and every offense by a fine of not more than twenty dollars."

Section 3 of the act provides, among other things:

"That any child between the ages of eight and fourteen who is an habitual truant, and who is willfully and habitually absent from school, or who can not be controlled by the regular school discipline while in attendance upon school, shall be committed by the board of education to a special or ungraded school for instruction."

The board is empowered to set apart buildings or special rooms for the ungraded schools, provide qualified teachers for instruction therein and, upon satisfactory evidence of improvement in the conduct of the pupil, to restore the child to the proper graded school. The board is also authorized to appoint truant officers who, in co-operation with the inspectors provided for in the Juvenile Court Act, "shall under the direction of the board of education carry out the provisions of this act."

It will be observed that the later act took from the jurisdiction of the juvenile court cases of truancy where the child is between the ages of 8 and 14 years. In the present case the defendant was 12 years of age and came within the purview of the later act. It may be suggested that the action of Congress, in providing for the care of children of tender

years guilty of habitual truancy, is both wise and humane. In such cases the penalty of the law should be imposed upon the parent or guardian rather than the child, and Congress, recognizing the vicious results of subjecting children between the ages of 8 and 14 years to prosecution and probation for a mild sort of schoolday delinquency, well within the control of the parent or guardian, wisely took this jurisdiction from the juvenile court and placed it with the board of education. Hence the jurisdiction of the juvenile court in cases of habitual truancy is limited to persons between the ages of 14 and 17 years.

The judgment is reversed, with costs, to be assessed against the District of Columbia, and the cause remanded, with direction to dismiss the complaint.